IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

ELVIS ALEXANDER RODAS ALBERTO,
        Petitioner,

v.                                                          Civil Action No. 3:26cv421

FACILITY ADMINISTRATOR,
FARMVILLE DETENTION CENTER, *et al.*,
        Respondents.

**MEMORANDUM OPINION**

The Court has received a petition under 28 U.S.C. § 2241 ("§ 2241 Petition," ECF No. 1),

filed on behalf of Petitioner, challenging his immigration detention.  An individual named Jose

Reynaldo Flores Alberto, Petitioner's uncle who lives in Sterling, Virginia, filed the § 2241

Petition for Petitioner, purportedly as a "next friend."  Petitioner did not sign the § 2241 Petition.

Rule 2(c)(5) of the Rules Governing § 2254 Cases requires that petitions pursuant to 28

U.S.C. § 2254 "be signed under penalty of perjury by the petitioner or by a person authorized to

sign it for the petitioner under 28 U.S.C. § 2242."  Rules Governing § 2254 Cases in U.S.

District Courts, Rule 2(c)(5).[1]  The Advisory Committee Notes to Rule 2(c) explain: "The

Committee envisions that the courts will apply third-party, or 'next-friend,' standing analysis in

deciding whether the signer was actually authorized to sign the petition on behalf of the

petitioner."  *Id.*, Advisory Committee Notes, 2004 Amend.  "[A] next friend does not himself

become a party to the habeas corpus action in which he participates, but simply pursues the cause

on behalf of the detained person, who remains the real party in interest."  *Hamdi v. Rumsfeld*,

294 F.3d 598, 603 (4th Cir. 2002) (some internal quotation marks omitted) (quoting *Whitmore v.*

---

[1]      Rule 1(b) of the Rules Governing § 2254 Cases permits this Court to apply those rules to petitions under 28 U.S.C. § 2241.  Rule 1(b), Rules Governing § 2254 Cases; *see Aguayo v. Harvey*, 476 F.3d 971, 976 (D.C. Cir. 2007).

*Arkansas*, 495 U.S. 149, 163 (1990)). "[T]he availability of next friend standing as an avenue into federal court is strictly limited." *Id.*

To establish "next friend" standing, (1) the "next friend must provide an adequate explanation — such as inaccessibility, mental incompetence, or other disability — why the real party in interest cannot appear on his own behalf to prosecute the action," and (2) the "next friend" must also establish that he is "truly dedicated to the best interests of the person on whose behalf he seeks to litigate" and has "a significant relationship with the real party in interest." *Id.* at 603–04 (some internal quotation marks omitted) (quoting *Whitmore*, 495 U.S. at 163–64). "The burden is on the next friend clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 603 (some internal quotation marks omitted) (quoting *Whitmore*, 495 U.S. at 164).

Mr. Flores Alberto does not show that he qualifies as "next friend" and the § 2241 Petition therefore fails to comply with Rule 2(c)(5). Mr. Flores Alberto fails to provide any explanation as to why the Petitioner cannot sign and prosecute the action himself. At most, Mr. Flores Alberto vaguely states that Petitioner "is detained at Farmville" and "does not have the practical ability to prepare, print, serve, and file emergency federal court documents from detention." (ECF No. 1 at 3.) He adds that Petitioner "is reportedly deteriorating physically and psychologically." (*Id.*) Focusing on specifics, Mr. Flores Alberto alleges only that Petitioner "feels very cold," (*id.*), and "is not eating properly," something that "can quickly affect his physical strength, emotional condition, and ability to participate in this case." (ECF No. 6 at 1.)

Here, the fact that Petitioner is detained does not suffice to show that he cannot appear on his own behalf to prosecute the action. *Hamdi*, 294 F.3d at 603–04 (requiring showing of "inaccessibility, mental incompetence, or other disability — why the real party in interest cannot appear on his own behalf to prosecute the action"); *cf. Francis v. Warden, FCC Coleman-USP,*

2

246 F. App'x 621, 623 (11th Cir. 2007) (finding fact of incarceration alone insufficient to show that petitioner could not initiate the petition from prison). Nor has Mr. Flores Alberto established that Petitioner is incapable of litigating for other reasons, such as his health. Although Mr. Flores Alberto is understandably concerned about the conditions that his nephew is experiencing, his vague claims that Petitioner "feels very cold" and may be affected by a substandard diet do not demonstrate that Petitioner is physically or mentally incompetent to represent himself. *See Torres v. Warden, Baker Cnty. Corr. Facility*, No. 3:26-cv-311, 2026 WL 467260, at *1 (M.D. Fla. Feb. 19, 2026) (deeming alleged "physical and psychological abuse, denial of food, racial insults, xenophobic harassment, and humiliation," as well as treatment for a facial abscess to amount to "inexcusable" conditions of confinement, but ones that "d[id] not demonstrate [the petitioner was] mentally incompetent such that he require[d] a next friend to litigate on his behalf"); *Vartinelli v. Burt*, No. 1:14-cv-45, 2014 WL 502453, at *2 (W.D. Mich. Feb. 7, 2014) (deeming petitioner's own statement that he was concerned that his "health has been affected and continues to deteriorate" to be "insufficient to satisfy the necessary requirements to establish the necessity of a 'next friend'" (citing *Whitmore*, 495 U.S. at 163–64))).

In sum, Mr. Flores Alberto fails to show that his nephew lacks access to the courts, is incompetent, or suffers from another disability preventing him from prosecuting this action on his own behalf. Moreover, Mr. Flores Alberto clearly filed the § 2241 Petition on Petitioner's behalf and offers no evidence that Petitioner has even seen or approved of its contents. That is not permissible.[2] Accordingly, the Court will not recognize any filings made by Mr. Flores Alberto. Petitioner must sign his submissions to this Court under penalty of perjury.

---

[2]    Additionally, it does not appear that Mr. Flores Alberto is an attorney, and therefore, he may not litigate this matter for Petitioner. Parties may plead and conduct their own cases *personally* or *by counsel* in all courts of the United States. *See* 28 U.S.C. § 1654. Individuals

Accordingly, the § 2241 Petition (ECF No. 1) will be DENIED WITHOUT PREJUDICE, and the action will be DISMISSED. The pending motions (ECF No. 2, 3, 4) will be DENIED.

Nevertheless, in order to expedite any further § 2241 petition by Petitioner himself, the Clerk is DIRECTED to mail a copy of this Memorandum Order and a standardized form for filing a § 2241 petition to Petitioner at the Farmville Detention Center.[3] If Petitioner wishes to pursue a § 2241 petition, he should complete and return the form to the Court. Petitioner must sign the form himself. Any such § 2241 petition will be docketed as a new civil action.

An appropriate Final Order will accompany this Memorandum Opinion.

Let the Clerk file a copy of the Memorandum Opinion electronically and send copies to Petitioner and Mr. Flores Alberto.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Date: May 18, 2026

---

who are not licensed attorneys may not represent third parties, because such representation constitutes the unauthorized practice of law. Rules of Supreme Court of Virginia, Pt. 6, § I; *see DePonceau v. Pataki*, 315 F. Supp. 2d 338, 341-42 (W.D.N.Y. 2004); *Kone v. Wilson*, 630 S.E.2d 744, 745–46 (Va. 2006).

[3] The Court should mail this Memorandum Order and a standardized § 2241 petition form to Petitioner at the Farmville Detention Center with the "A" number 221-491-078. (*See* ECF No. 1 at 1.)

4